UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEIDI WICHTERICH, ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-475** |
| **BIOTE CORPORATION, ET AL.**<br>    **Defendants** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is a Federal Rule of Civil Procedure 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendants Biote Corporation ("Biote Corp.") and BioTE Holdings, LLC ("BioTE Holdings").[1] Plaintiffs Heidi Wichterich ("Ms. Wichterich") and Christopher Wichterich (collectively, "Plaintiffs") filed an opposition.[2]

Also before the Court is a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Gary Donovitz ("Donovitz").[3] Plaintiffs filed an opposition.[4]

This case arises out of alleged injuries that Ms. Wichterich suffered after undergoing hormone replacement therapy ("HRT").[5] Plaintiffs make the following allegations in their first amended complaint. On November 30, 2016, Ms. Wichterich began HRT "through the BioTE Method."[6] Ms. Wichterich continued HRT from 2017 through 2023.[7] On January 2, 2024, Ms. Wichterich had a seizure.[8] Medical examination later revealed that Ms. Wichterich suffered an embolic stroke.[9] Plaintiffs allege Biote

---

[1] R. Doc. 30.
[2] R. Doc. 36.
[3] R. Doc. 34.
[4] R. Doc. 38.
[5] *See generally* R. Doc. 20.
[6] *Id.* at ¶¶ 412, 414.
[7] *Id.* at ¶¶ 419-60.
[8] *Id.* at ¶ 461.
[9] *Id.* at ¶ 462.

Corp., BioTE Holdings, and BioTE Medical, LLC, collectively referred to in Plaintiffs' first amended complaint as "BioTE," and Donovitz, the founder of BioTE Medical, LLC ("BioTE Medical"), are responsible for Ms. Wichterich's injuries as the developers of the HRT she underwent.[10] Plaintiffs allege that "biote Corp., BioTE Holdings, LLC, and BioTE Medical, LLC, are alter egos of one another such that an act by one is an act by all."[11] Plaintiffs bring causes of action for fraud, negligence, misrepresentation, failure to warn, products liability, fraudulent concealment, breach of express warranty, breach of implied warranties, and loss of consortium.[12]

On March 12, 2025, Biote Corp. and BioTE Holdings filed a motion to dismiss for lack of personal jurisdiction.[13] On March 18, 2025, Donovitz filed a motion to dismiss for lack of personal jurisdiction.[14] On April 1, 2025, Plaintiffs responded to the motions to dismiss by amending their complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[15] Considering the new allegations in Plaintiffs' first amended complaint, the Court denied Biote Corp.'s, BioTE Holdings', and Donovitz's motions to dismiss for lack of personal jurisdiction without prejudice.[16]

On April 15, 2025, Biote Corp. and BioTE Holdings filed a second motion to dismiss for lack of personal jurisdiction.[17] In the second motion to dismiss, Biote Corp. and BioTE holdings argue Plaintiffs have insufficiently pleaded that Biote Corp. and BioTE Holdings are alter egos of BioTE Medical.[18] Because Plaintiffs have insufficiently pleaded that Biote Corp. and BioTE Holdings are alter egos of BioTE Medical, Biote Corp.

---

[10] *See generally* R. Doc. 20; R. Doc. 36 at p. 1.
[11] R. Doc. 20 at ¶ 13.
[12] *Id.* at ¶¶ 489-650.
[13] R. Doc. 3.
[14] R. Doc. 12.
[15] R. Doc. 20 at p. 1.
[16] R. Doc. 22.
[17] R. Doc. 30.
[18] R. Doc. 30-1 at pp. 8-10.

and BioTE Holdings argue Plaintiffs cannot impute their jurisdictional allegations with respect to BioTE Medical onto Biote Corp. and BioTE Holdings.[19] As a result of this inability to impute jurisdictional allegations and Plaintiffs' failure to make specific jurisdictional allegations regarding Biote Corp. and BioTE Holdings, Biote Corp. and BioTE Holdings contend the Court should dismiss them for lack of personal jurisdiction.[20] In opposition, Plaintiffs argue they have properly pleaded an alter ego theory and that the Court's exercise of personal jurisdiction over Biote Corp. and BioTE Holdings is proper because BioTE Medical does not contest the Court's personal jurisdiction over it.[21]

On April 22, 2025, Donovitz filed a second motion to dismiss for lack of personal jurisdiction.[22] First, Donovitz argues the Court lacks general personal jurisdiction over him because he is domiciled in Texas and because Plaintiffs' "bare allegation" regarding Donovitz's contacts with Louisiana are insufficient.[23] Second, Donovitz argues the Court lacks specific personal jurisdiction over him because Plaintiffs' "bald and conclusory allegations are insufficient to subject Donovitz to [specific] personal jurisdiction."[24] Specifically, Donovitz argues Plaintiffs failed to allege that Donovitz has sufficient contacts with Louisiana that are relevant to Plaintiffs' suit and that the Court's exercise of personal jurisdiction over Donovitz would offend traditional notions of fair play and substantial justice.[25] In opposition, Plaintiffs argue the allegations in the first amended complaint establish this Court's specific personal jurisdiction over Donovitz.[26]

---

[19] *Id.* at pp. 8-10, 13.
[20] *Id.* at pp. 13-20.
[21] R. Doc. 36.
[22] R. Doc. 34.
[23] R. Doc. 34-1 at pp. 11-12.
[24] *Id.* at p. 13 n.5.
[25] *Id.* at pp. 13-23.
[26] R. Doc. 38 at pp. 12-18.

In response to both motions to dismiss for lack of jurisdiction now before the Court, Plaintiffs request leave to conduct jurisdictional discovery.[27] The Court finds that the jurisdictional allegations made by Plaintiffs suggest with reasonable particularity the possible existence of personal jurisdiction over Defendants Biote Corp., BioTE Holdings, and Donovitz. Accordingly, the Court finds Plaintiffs' request for jurisdictional discovery is justified and will grant leave to file an amended complaint once jurisdictional discovery is complete.

## CONCLUSION

**IT IS ORDERED** that the parties are given leave to conduct limited jurisdictional discovery concerning the issues and facts relevant to personal jurisdiction over Biote Corp., BioTE Holdings, and Donovitz. Any such discovery must be completed **on or before July 1, 2025**.

**IT IS FURTHER ORDERED** that Biote Corp. and BioTE Holdings motion to dismiss for lack of personal jurisdiction is **DENIED without prejudice**.[28]

**IT IS FURTHER ORDERED** that Donovitz's motion to dismiss for lack of personal jurisdiction is **DENIED without prejudice**.[29]

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint **on or before July 1, 2025**.

**New Orleans, Louisiana, this 2nd day of May, 2025.**

*/s/ Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 36 at p. 11; R. Doc. 38 at pp. 18-19.
[28] R. Doc. 30.
[29] R. Doc. 34.