## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HEIDI WICHTERICH, ET AL.**                    CIVIL ACTION
    **Plaintiffs**

**VERSUS**                                       NO.  25-475

**BIOTE CORPORATION, ET AL.**                   SECTION: "E"(5)
    **Defendants**

### ORDER AND REASONS

Before the Court is a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Gary Donovitz ("Donovitz" or "Defendant").[1] Plaintiffs filed an opposition.[2] Defendant filed a reply.[3]

This case arises out of alleged injuries Plaintiffs Heidi Wichterich and her husband suffered after she received hormone replacement therapy ("HRT").[4] Plaintiffs make the following allegations in their second amended complaint. On November 30, 2016, Mrs. Wichterich began HRT "through the BioTE Method."[5] Mrs. Wichterich continued HRT from 2017 through 2023.[6]  On January 2, 2024, Mrs. Wichterich had a seizure.[7] Medical examination later revealed that Mrs. Wichterich suffered an embolic stroke.[8] Plaintiffs allege Biote Corp., BioTE Holdings, and BioTE Medical, LLC (collectively referred to in Plaintiffs' second amended complaint as "BioTE") and Donovitz, the founder of BioTE Medical, LLC ("BioTE Medical"), are responsible for her injuries.[9] Plaintiffs bring causes

---

[1] R. Doc. 67.
[2] R. Doc. 73.
[3] R. Doc. 78.
[4] *See generally* R. Doc. 58.
[5] *Id.* at ¶ 426.
[6] *Id.* at ¶¶ 429-73.
[7] *Id.* at ¶ 475.
[8] *Id.* at ¶ 476.
[9] *See generally* R. Doc. 58; R. Doc. 73 at p. 1.

of action for fraud, negligence, misrepresentation, failure to warn, fraudulent concealment, and loss of consortium.[10]

On March 18, 2025, Donovitz filed a motion to dismiss for lack of personal jurisdiction.[11] On April 1, 2025, Plaintiffs responded to the motion to dismiss by amending their complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[12] Considering the new allegations in Plaintiffs' first amended complaint, the Court denied Donovitz's motion to dismiss for lack of personal jurisdiction without prejudice.[13]

On April 22, 2025, Donovitz filed a second motion to dismiss for lack of personal jurisdiction.[14] The Court denied this motion without prejudice and gave the parties leave to conduct limited jurisdictional discovery.[15] The Court further granted Plaintiffs leave to file a second amended complaint after completion of the discovery, which Plaintiffs did.[16] Following the filing of Plaintiffs' second amended complaint, Donovitz filed a third motion to dismiss for lack of personal jurisdiction.[17] First, Donovitz argues the Court lacks general personal jurisdiction over him because he is domiciled in Texas and because Plaintiffs' "bare allegation" regarding Donovitz's contacts with Louisiana is insufficient to render him at home in this state.[18] Second, Donovitz argues the Court lacks specific personal jurisdiction over him because Plaintiffs' "bald and conclusory allegations are insufficient to subject Donovitz to [specific] personal jurisdiction."[19] Specifically,

---

[10] *Id.* at ¶¶ 512-619.
[11] R. Doc. 12.
[12] R. Doc. 20 at p. 1.
[13] R. Doc. 22.
[14] R. Doc. 34.
[15] R. Doc. 39.
[16] R. Doc. 58
[17] R. Doc. 67.
[18] R. Doc. 67-1 at p. 6.
[19] *Id.* at p. 8 n.5.

Donovitz argues Plaintiffs failed to demonstrate that this suit arises out of Donovitz's contacts with Louisiana and he argues that the Court's exercise of personal jurisdiction over him would offend traditional notions of fair play and substantial justice.[20] In opposition, Plaintiffs argue that Donovitz sought out medical providers in Louisiana and purposely availed himself of the privileges of conducting business here.[21]

## I.    Certain factual allegations must be accepted as true for purposes of this analysis; these allegations must show the defendant has sufficient contacts with the forum state to justify the exercise of personal jurisdiction.

When a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving personal jurisdiction exists.[22] If the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction.[23] In this case, no evidentiary hearing has been held, and Plaintiffs need only make a *prima facie* case of personal jurisdiction. To make a prima facie case, the Court must determine whether these factual allegations in the complaint, which are uncontradicted by sworn statements show the non-resident defendant had sufficient contacts with the state to confer personal jurisdiction.[24]

In determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction, the district court must first determine which allegations of the complaint will be accepted as true.[25] "[U]ncontroverted allegations in the complaint are deemed true and factual conflicts in the parties' declarations are resolved in the plaintiff's favor."[26]

---

[20] *Id.* at pp. 13-18.
[21] R. Doc. 73 at pp. 12-15.
[22] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).
[23] *See id.*
[24] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).
[25] *Id. See also Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).
[26] *Tinsley v. Commissioner of I.R.S.*, 1998 WL 59481 at *3 (N.D. Tex. Feb. 19, 1998) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 204 (5th Cir. 1989)).

However, the court cannot assume the truth of the allegations in a plaintiff's complaint which are contradicted by sworn statements.[27] The district court may consider matters outside the complaint, including depositions, when determining whether to assume the truth of an allegation.[28] Second, "[a]lthough jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented."[29] Rather, the court must determine whether or not the factual allegations, if accepted as true, show that the non-resident defendant has sufficient contacts within the forum state to confer personal jurisdiction.[30]

In this case, no evidentiary hearing has been held, and Plaintiffs need only make a *prima facie* case of personal jurisdiction at this point. As a result, the Court considers Plaintiffs' second amended complaint as well as the depositions attached to the parties' memorandums for purposes of deciding this motion. The Court finds the following facts should be accepted as true for purposes of deciding this motion. Donovitz is a Texas domiciliary.[31] Donovitz founded BioTE Medical on September 27, 2012,[32] and remained in a leadership position with the LLC until June 2022.[33] While working for BioTE Medical, Donovitz developed the "BioTE Method" of bioidentical hormone replacement therapy ("BHRT"), which involves the surgical implantation of pellets containing testosterone and estradiol into patients experiencing hormone imbalance.[34] Donovitz was responsible either for training BioTE's certified providers who operated in Louisiana or for developing

---

[27] *Id.* (citing *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)).
[28] *Adams v. Unione Mediterranean Di Sicurta*, 220 F.3d 659 (5th Cir. 2000), citing *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).
[29] *Panda*, 253 F.2d at 868.
[30] *See id.*
[31] R. Doc. 58 at ¶ 36.
[32] *Id.* at ¶ 66.
[33] R. Doc. 67-1 at p. 7.
[34] R. Doc. 58 at ¶ 69.

the materials used in their training.[35] Dr. William Chapman, a West Virginia resident and BioTE Certified Provider, testified at his deposition in a separate lawsuit that Donovitz served as the initial speaker at his BioTE training session in Dallas, Texas, but did not specify when this occurred.[36] Chapman further testified that he has had multiple conversations with Donovitz over the years concerning patient protocol, that he had Donovitz's personal cell phone number, and that he last spoke to Donovitz in 2020.[37]

From Texas, Donovitz sought out medical providers who resided in Louisana and urged them to travel to Texas or elsewhere to receive training in the BioTE method, with the intention of these providers using this method when they returned to Louisiana.[38] Donovitz made numerous claims about the safety and efficacy of the BioTE Method to providers who resided in Louisiana.[39]

During his residency at Tulane from 1982 to 1985, Donovitz was licensed to practice medicine in the State of Louisiana.[40] Donovitz completed his residency at Tulane University in 1985.[41] During these years, Donovitz owned property in New Orleans, Louisiana, and paid taxes in the State of Louisiana.[42]

Donovitz was responsible for either developing the training materials provided to Mrs. Wichterich's treating physician, Dr. Clavin, or training Dr. Clavin directly.[43]

---

[35] *Id.* at ¶ 495.
[36] R. Doc. 73-1, Dr. William Chapman Deposition, 37:10-21.
[37] *Id.*
[38] *Id.* at ¶ 494.
[39] *Id.* at ¶ 499.
[40] R. Doc. 73-2, Donovitz Deposition, 11:11-17; 26:10-21.
[41] *Id.*
[42] R. Doc. 58 at ¶ 491.
[43] *Id.* at 72.

Donovitz does not know Mrs. Wichterich or her husband and he cannot remember meeting or training Dr. Clavin.[44]

## II.    Based on the facts accepted as true, Plaintiffs have not made a *prima facie* case of general or specific personal jurisdiction over Donovitz.

To exercise personal jurisdiction over a non-resident defendant, two requirements must be satisfied. "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment."[45] Because Louisiana's long-arm statute confers personal jurisdiction to the limits of constitutional due process, these two inquiries become one and the same.[46]

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[47] A court may exercise personal jurisdiction over a defendant via either (1) general personal jurisdiction or (2) specific personal jurisdiction. A court may exercise general personal jurisdiction over a non-resident defendant when that defendant's contacts with the forum state are "continuous and systematic," regardless of whether such contacts are related to the plaintiff's cause of action.[48] Stated differently, "[g]eneral jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in 'continuous and systematic' activities in the forum

---

[44] R. Doc. 73-2, Donovitz Deposition, 11:11-17; 26:10-21. The Court cannot take these actual allegations as true if they are contradicted by sworn statements *Tinsley v. Commissioner of I.R.S.*, 1998 WL 59481 at *3 (N.D. Tex. Feb. 19, 1998) (citing *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). Donovitz's testimony that he does not remember training Dr. Clavin does not directly contradict Plaintiffs' allegation that Donovitz either developed the training materials or trained Dr. Clavin directly in Texas. Accordingly, for purposes of this motion, the Court accepts as true the allegation that Donovitz either trained Dr. Clavin in the BioTE method or provided her training materials.

[45] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citation omitted).

[46] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) La. R.S. 13:3201(B).

[47] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).

[48] *Id.*

state."[49] In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court stated that, "for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."[50] However, a court may still exercise general jurisdiction over a non-resident defendant if the defendant's contacts are sufficiently continuous and systematic to render the defendant "essentially at home."[51]

A court also may exercise specific personal jurisdiction over a defendant. For a court's exercise of specific personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) the defendant must have purposefully directed his activities towards the forum state or purposefully availed himself of the privileges of conducting activities there; (2) the plaintiff's cause of action must arise out of or result from the defendant's forum related contacts; and (3) the exercise of jurisdiction over the defendant must be fair and reasonable.[52]

### A.  Plaintiffs fail to make a *prima facie* case of general personal jurisdiction over Donovitz.

A plaintiff may make a prima facie case of general personal jurisdiction over a defendant by alleging facts showing that: (1) the defendant is domiciled in the forum state or, (2) the defendant's contacts with the state are so systematic and continuous that they render him "essentially at home in the forum state."[53] When determining whether a plaintiff has made a prima facie case, "[a]lthough jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for [personal] jurisdiction has been presented."[54] Rather, a court must determine whether or

---

[49] *721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 592 (E.D. La. 2015) (citations omitted).
[50] 564 U.S. 915, 924 (2011).
[51] *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).
[52] *Luv N' care*, 438 F.3d at 469.
[53] *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).
[54] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

not the factual allegations, if accepted as true, show that the non-resident defendant has sufficient contacts within the forum state to confer general jurisdiction.[55] "Vague and overgeneralized assertions' of contacts 'that give no indication as to the extent, duration of frequency' of [Defendant's] contacts" do not demonstrate that a defendant has made a prima facie case of jurisdiction.[56]

Donovitz is domiciled in Texas, not Louisiana.[57] As a result, Plaintiffs may make a prima facie case of general personal jurisdiction over Donovitz only by alleging facts that show his contacts in Louisiana are so pervasive as to render him at home in the state.[58] Plaintiffs allege that Donovitz's contacts in Louisiana were "consistent, purposeful, systematic and substantial."[59] However, these generalized allegations concerning jurisdiction are insufficient to make a prima facie case of general personal jurisdiction.[60] Instead, Plaintiffs is required to allege specific facts concerning Donovitz's pervasive contacts in Louisiana.[61] Based on the facts accepted as true, Plaintiffs have not shown that Donovitz had pervasive contacts with the state. Donovitz did not found BioTE as a Louisiana entity or while he was domiciled here; Donovitz did not maintain a personal or business office here; Donovitz did not travel to Louisiana to conduct business; and Donovitz did not reside in Louisiana beyond the end of his medical residency in 1985. While Donovitz, from Texas, solicited Louisiana medical providers to participate in the

---

[55] *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) ("[e]ven assuming the veracity of the jurisdictional allegations contained in [plaintiff's] petition and affidavit, [plaintiff] has not demonstrated that [defendant's] contacts with the state of Texas are 'continuous and systematic' enough to support general jurisdiction")

[56] *Id.*

[57] R. Doc. 1 at ¶ 14.

[58] *Daimler*, 571 U.S. 117, 138-39.

[59] R. Doc. 58 at ¶ 483.

[60] *Sangha*, 882 F.3d 96, 102 (5th Cir. 2018).

[61] *Id.*

BioTE program,[62] his merely reaching out to residents of Louisiana for business purposes, without actually conducting business in Louisiana, is not systematic and substantial contact with the forum state.[63] Plaintiffs allegations do not show that Donovitz had substantial and systematic contacts in Louisiana such that he is rendered at home in this state. Plaintiffs failed to make a prima facie case that this Court has general jurisdiction over Donovitz.

**B.    Plaintiffs fail to make a *prima facie* case of specific personal jurisdiction over Donovitz.**

Even if a defendant's contacts with a state are not pervasive enough to confer general jurisdiction, a court may still exercise specific jurisdiction over the non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."[64] The Fifth Circuit has enunciated a three-factor analysis to guide courts in assessing the presence of specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[65]

To make a *prima facie* showing of specific jurisdiction, the plaintiff need only satisfy the first two factors.[66] If the plaintiff makes this prima facie showing, the burden of proof with respect to the third factor shifts to the defendant to "present a compelling case that the

---

[62] *Id*. at ¶ 494.
[63] *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).
[64] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[65] *Id.*
[66] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F. Supp. 2d 602, 613 (E.D. La. 2013). *See also 721 Bourbon*, 140 F. Supp. 3d at 592–93; *Luv N' care*, 438 F.3d at 469.

presence of some other considerations would render jurisdiction unreasonable."[67]

"Although jurisdictional allegations must be accepted as true, such acceptance does not

automatically mean that a prima facie case for specific jurisdiction has been presented."[68]

The court must determine whether or not the factual allegations, if accepted as true, show

that the non-resident defendant has sufficient contacts within the forum state that give

rise to the plaintiff's cause of action.[69]

### 1. Plaintiffs do not allege that Donovitz purposefully directed his activities to Louisiana.

The first inquiry into whether Plaintiffs made a prima facie case of specific personal

jurisdiction over Donovitz is whether the facts accepted as true show Donovitz had

sufficient minimum contacts with Louisiana. In other words, the facts must show that

Donovitz either purposely directed his activities towards Louisiana or purposely availed

himself of the privileges of conducting business here.[70] This analysis looks to the

defendant's contacts with the forum state itself, not the defendant's contacts with persons

who reside there.[71] "The non-resident's 'purposeful availment' must be such that the

defendant 'should reasonably anticipate being haled into court' in the forum state."[72]

While physical presence in the forum state is not a prerequisite to jurisdiction, physical

entry into the state is a relevant contact.[73]

---

[67] *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018–19 (Fed. Cir. 2009). *See also Athletic Training Innovations*, 955 F. Supp. 2d at 613.

[68] *Panda*, 253 F.2d at 868.

[69] *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) ("[e]ven assuming the veracity of the jurisdictional allegations contained in [plaintiff's] petition and affidavit, [plaintiff] has not demonstrated that [defendant's] contacts with the state of Texas are 'continuous and systematic' enough to support general jurisdiction")

[70] *Luv N' care*, 438 F.3d at 469.

[71] *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

[72] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

[73] *Id.*

Plaintiffs have not alleged facts showing that Donovitz directed his activities towards Louisiana or purposely availed himself of the privileges of conducting business here. The facts show that Defendant founded and developed BioTE as a Texas entity while he was domiciled in Texas;[74] discussed BioTE at a conference in Washington, D.C. and on podcasts from unspecified recording locations in 2019;[75] authored and distributed a book on BioTE in 2015 while domiciled in Texas;[76] and issued nationwide marketing statements on BioTE.[77] There are no allegations that these events occurred in Louisiana or while he was residing in Louisiana. Furthermore, the facts do not show that Donovitz targeted Louisiana with these public statements concerning BioTE, or that any Louisiana resident, much less Plaintiffs, heard them.

The facts accepted as true show that, while residing in Texas, Donovitz sought out medical providers in Louisiana and urged them to travel to Texas or elsewhere out of state to receive training that could then be used when those providers returned to their Louisiana offices.[78] However, the facts do not show that Donovitz specifically targeted Louisiana. Plaintiffs do not allege that Donovitz travelled to Louisiana, paid for advertisements here, sent BioTE materials here, or otherwise directed his activities towards Louisiana.

The minimum contacts analysis focuses on Defendant's contacts towards the forum state rather than towards persons who reside in the state.[79] The facts show an

---

[74] R. Doc. 58 at ¶ ¶ 37-66. As Plaintiffs do not allege that Donovitz resided in Louisiana past 1985 and acknowledges that Donovitz is currently domiciled in Texas, the Court assumes for purposes of deciding this motion that Defendant has been domiciled in Texas since 1985.

[75] *Id.* at ¶ ¶ 123, 181, 202.

[76] *Id.* at 200.

[77] *Id.* at ¶ 121.

[78] R. Doc. 58 at ¶ 494.

[79] *Walden,* 571 U.S. at 284.

attempt by Donovitz to create a national brand by soliciting medical practitioners to come to Texas, but they do not show a direct targeting of Louisiana doctors. In fact, throughout the complaint, Plaintiffs allege that Donovitz sought to market BioTE nationally and to create a "nationwide network."[80] If accepted as true, these allegations show only Donovitz's solicitation of medical providers regardless of their home state, rather than specific actions directed towards Louisiana. The facts accepted as true fail to show Donovitz purposely directed his activities towards Louisiana or purposely availed himself of the privileges of conducting business here.

There is a dispute about whether Donovitz trained or interacted with Dr. Clavin when she attended her BioTE medical training in Texas on an unspecified date.[81] Donovitz testified in his deposition that he does not remember training Dr. Clavin. However, this testimony does not directly contradict Plaintiffs' allegation that Donovitz either developed the training materials used in Dr. Clavin's training or trained Dr. Clavin directly in Texas. As a result, the Court found no direct contradiction and accepted as true the allegation that Donovitz either trained Dr. Clavin in the BioTE method or provided her training materials in Texas.[82] Regardless of whether Donovitz personally trained Mrs. Wichterich's physician, Dr. Clavin, in Texas or merely supplied the materials used in her training, neither scenario shows that Donovitz had sufficient minimum contacts with Louisiana. The facts accepted as true show that Donovitz may have interacted with a Louisiana citizen, Dr. Clavin, while Dr. Clavin was in Texas, but they do not show that Donovitz targeted Louisiana. In determining whether plaintiffs have made a prima facie case of specific personal jurisdiction, courts must look to the defendant's contacts with

---

[80] R. Doc. 58 at ¶ 493.
[81] *See supra* note 47.
[82] *Id.*

the forum state itself, not the defendant's contacts with persons who reside there.[83] Because the facts as accepted do not show that Donovitz purposely directed his activities towards Louisiana, the Plaintiffs have failed to meet the first part of the test to make a prima facie case of specific personal jurisdiction.[84]

### 2. Plaintiffs do not allege their claims arose directly from Donovitz's contacts with Louisiana.

Even if the facts had shown that Donovitz purposely directed his activities towards the forum state via soliciting and advertising to Louisiana medical providers, to make a *prima facie* case of specific personal jurisdiction, the facts must show that the Plaintiffs' causes of action arise out of or result from Donovitz's forum-related contacts.[85] Furthermore, the relationship between the causes of action and Donovitz's contacts must arise out of contacts that Donovitz *himself* created.[86]

The facts fail to satisfy this requirement. Even if Donovitz sought out medical providers in Louisiana and urged them to travel to Texas or elsewhere to receive training in the BioTE method, these facts do not show that Plaintiffs' damages arose out of these contacts. Whether Dr. Clavin attended a training session led by Donovitz or Donovitz created the materials used in her training, Donovitz did not travel to Louisiana to train

---

[83] *Walden,* 571 U.S. at 284.

[84] Donovitz claims that even if he created sufficient minimum contacts, this Court could still not exercise specific personal jurisdiction over him due to the fiduciary shield doctrine. This doctrine holds that "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has *in personam* jurisdiction over the corporation." *Stuart v. Spademan*, 772 F. 2d 1185, 1197 (5th Cir. 1985). However, this exception does not apply when the defendant allegedly engaged in a tort for which he may be personally liable. *Savoie v. Pritchard*, 122 F.4th 185, 192 (5th Cir. 2024). Plaintiffs allege that Donovitz personally made misrepresentations that caused their injuries, and as a result, the fiduciary shield doctrine would not prevent this Court from exercising personal jurisdiction over him. However, because this Court finds that Defendant did not have sufficient minimum contacts with Louisiana to justify exercising specific personal jurisdiction, the application of the fiduciary shield doctrine proves immaterial.

[85] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

[86] *Walden v. Fiore,* 571 U.S. 277, 284 (2014).

Dr. Clavin. In fact, the facts do not show that Donovitz called, emailed, or solicited Dr. Clavin in any way to become a BioTE provider. Furthermore, there is no allegation that Donovitz participated in Mrs. Wichterich's treatment. Plaintiffs allege Donovitz specifically targeted other Louisiana providers, but there are no allegations these contacts gave rise to what caused Plaintiffs' damages—Dr. Clavin's treatment of Mrs. Wichterich using the BioTE method. Accordingly, even if Donovitz's solicitation of other Louisiana medical providers had established sufficient minimum contacts with Louisiana, Plaintiffs would still fail to make a prima facie case of specific personal jurisdiction because these contacts did not result in their cause of action.

Likewise, even if Donovitz's podcast appearances, book, and speaking engagements had created sufficient minimum contacts with Louisiana, these actions did not give rise to Plaintiffs' claims. Mrs. Wictherich did not rely in any way on Donovitz's statements about BioTE. In fact, Plaintiffs do not allege she ever heard these statements, let alone relied on them. Finally, the fact that from 1982 to 1985 Donovitz was licensed to practice medicine in Louisiana, completed his residency at Tulane University in 1985, owned a home in New Orleans during these years, and paid taxes here[87] is not related to Plaintiffs' cause of action. These contacts occurred 30 years before Plaintiffs' damages occurred and did not give rise to this cause of action.

As a result, even if Plaintiffs had sufficiently alleged that Donovitz created minimum contacts with Louisiana, Plaintiffs still would fail to make a prima facie case of specific personal jurisdiction as they have not alleged that their claims arose out of these contacts.[88]

---

[87] R. Doc. 73-2, Donovitz Deposition, 11:11-17; 26:10-21.

[88] In ¶ 504 of Plaintiffs' second amended complaint, Plaintiffs allege that BioTE was Donovitz's alter ego. Whether Texas or Louisiana law applies to Plaintiffs' alter ego claims, courts require that a plaintiff plead

## **CONCLUSION**

**IT IS ORDERED** that Defendant Gary Donovitz's Motion to Dismiss[89] is

**GRANTED**.

New Orleans, Louisiana, this 12th day of December, 2025.

*Susie Morgan*

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

with particularity facts that show abuse of the corporate form or complete domination such that the entity had no separate will. *See Dykes v. Maverick Motion Picture Group,LLC*, 2011 WL 900276, at *5 (M.D. La. Mar. 14, 2011) (applying Louisiana law); *Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 F. App'x 295, 300–01 (5th Cir. 2011) (applying Texas law). Plaintiffs offer no facts supporting this alter ego allegation other than the conclusory statement that Donovitz directed BioTE activities. Furthermore, Plaintiffs do not argue in their opposition to this motion to dismiss that this Court has personal jurisdiction over Donovitz because BioTE was Donovitz's alter ego. As a result, the Court need not address this argument.
[89] R. Doc. 67.